MAY LOWE (FORMERLY MAY WOOD), PLAINTIFF-APPEL-
   LANT, v. CORNELIUS DOREMUS, EXECUTOR, &c., OF
   HENRY VAN RIPER, DECEASED, DEFENDANT-
   RESPONDENT.

Submitted March 23, 1914—Decided July 10, 1914.

1. When a party to an action, sued in a representative capacity,
   calls upon the opposite party, suing in her own right, to testify
   to conversations and transactions with the decedent, he cannot
   object to such testimony as being in contravention of section
   4 of the "Act concerning evidence." *Comp. Stat., p.* 2218.
2. Neither by the terms nor intent of section 4 of the Evidence act
   is a party suing or being sued in a representative capacity, re-
   quired to offer himself as a witness to conversations or trans-
   actions with the decedent, before calling the opposite party, who
   is not so suing or being sued, to testify as to such conversations
   or transactions.

On appeal from the Supreme Court.

For the appellant, *Isadore V. Klenert* and *James F. Carroll.*

For the respondent, *Michael Dunn* and *Joseph H. Lecour,
Jr.*

The opinion of the court was delivered by

KALISCH, J. The plaintiff brought her action on a promis-
sory note given by the defendant's decedent to the plaintiff,
May Lowe, formerly May Wood. It was for $3,000 payable
thirty days after the death of the maker. This is the second
time the cause is before us for review. Prior to the first
trial the defendant propounded interrogatories to the plaint-
iff as to the consideration of the note and her answers make
it appear that it was given if plaintiff would stay and con-
tinue in defendant's decedent's employ and not marry until
his death.

In the first trial the plaintiff recovered a verdict for the
amount of the note. Upon review in this court the judgment

entered thereon was reversed, because it appeared that the consideration of the note was in general restraint of marriage.

At the second trial the facts, from which it appeared at the first trial that the consideration of the note was in general restraint of marriage, were controverted and the trial judge submitted the case to the jury which resulted in a verdict for the defendant. The appellant now seeks a reversal of this judgment upon the ground that the interrogatories were admitted in evidence against objection duly made. To sustain this position appellant argues that as the defendant was sued in a representative capacity and did not offer himself as a witness as to conversations and transactions of the decedent, that, by virtue of the fourth section of the Evidence act, the plaintiff was precluded from testifying as to these things and that the interrogatories and answers were such evidence and were improperly admitted.

This is manifestly an erroneous conception of the act. The statute was clearly intended for the protection of parties suing or being sued in a representative capacity. The statute was wholly inapplicable to the situation which presented itself to the court. The defendant was being sued in a representative capacity. He called the plaintiff, who was suing in her own proper person, as a witness, to testify to conversations and transactions of the decedent, by the interrogatories submitted to her. This he had a perfect legal right to do. Neither by the terms nor spirit of the act is a party who is suing or being sued in a representative capacity required to offer himself as a witness to conversations and transactions of the deceased before calling the opposite party who is not so suing or being sued as a witness to such conversations and transactions.

The judgment will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, BERGEN, MINTURN, KALISCH, BOGERT, VREDENBURGH, WHITE, HEPPENHEIMER, JJ.  12.

*For reversal*—None.